IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LA'NAYA CARTER, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| | | CIVIL NO. JKB-19-1486 |
| FEDERAL HOME LOAN MORTGAGE CORP., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court is Defendant Federal Home Loan Mortgage Corporation's Motion for Summary Judgment as to the claims of Plaintiff Lakwel Peterson. (ECF No. 52.) The motion is unopposed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the motion is GRANTED.

### I.   Background

In April of 2019, Plaintiffs La'Naya Carter and Lakwel Peterson sued Defendant in relation to Plaintiffs' alleged ingestion of paint containing lead pigments in buildings owned, controlled, and managed by Defendant. (ECF No. 3.) Ms. Peterson specifically alleged that she had ingested lead pigments in a residence located at 2310 Edgemont Avenue in Baltimore City. (*Id.*) Both Plaintiffs were represented by Brian Brown, Esq. Defendant removed the case to this Court (ECF No. 1), and answered the Complaint on May 29, 2019 (ECF No. 7). Discovery then commenced, and on November 19, 2019, Defendant served requests for production and requests for admissions on Ms. Peterson through counsel. (Parler Aff. ¶ 4, Mot. Sum. J. Ex. 3, ECF No. 52-3.)

On January 13, 2020, Mr. Brown moved to withdraw from his representation of Ms. Peterson, explaining that she had broken contact with him and relayed through intermediaries that she no longer wished to be involved in the case. (ECF No. 40.) The Court granted the motion. (ECF No. 42.) Subsequently, Defendant served a second set of requests for admissions on Ms. Peterson by mail. (Parler Aff. ¶ 6.) Defendant requested that Ms. Peterson admit, *inter al.*, that she never resided in or visited 2310 Edgemont Avenue while it was in Defendant's control, and that she has no evidence supporting her claims. (Requests for Admission, Mot. Sum. J. Ex. 4, ECF No. 52-4.) Despite repeated letters from Defendant reminding her that her discovery responses were overdue, Ms. Peterson never responded to any of the requests for production or requests for admissions. (Parler Aff. ¶¶ 7–10.)

On July 1, Defendant moved for summary judgment as to Ms. Peterson pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant pointed out that as a result of her failure to respond to Defendant's requests for admissions, Ms. Peterson had effectively admitted facts fatal to her claims. Ms. Peterson never responded to Defendant's motion, which remains unopposed long after the deadline to respond has expired.

## II. Analysis

Federal Rule of Civil Procedure 56(a) establishes that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).

Defendant's unopposed motion will be granted because Ms. Peterson has admitted facts fatal to her claim. Under Rule 36 of the Federal Rules of Civil Procedure, failure to respond to a request for admission results in the matter at issue being deemed admitted. By failing to respond to Defendant's requests, Ms. Peterson has therefore admitted that she never resided in or visited 2310 Edgemont Avenue while it was in Defendant's control, and that she has no evidence supporting her claims. Though Rule 36 permits some flexibility in cases in which a party seeks to withdraw or clarify prior admissions, Ms. Peterson has entirely failed to respond to Defendant's requests, subsequent correspondence, and motion. As such, Defendant has conclusively disproved Ms. Peterson's claim and is therefore to summary judgment against her under Rule 56.

### III.   Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment as to Ms. Peterson is GRANTED.

DATED this 25th day of August, 2020.

BY THE COURT:

_/s/ James K. Bredar_

James K. Bredar
Chief Judge